J-S68022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT DIXON | |
| Appellant | No. 25 WDA 2016 |

Appeal from the PCRA Order dated November 30, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000239-2013

BEFORE:  SHOGAN, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED DECEMBER 27, 2016**

*Pro se* Appellant, Robert Dixon, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On October 25, 2012, at approximately 10:00 P.M., Appellant and/or an unidentified accomplice called from a cell phone for a food delivery from a Chinese restaurant in Erie.  N.T., 9/17/13, at 19, 22-25.  When the delivery driver arrived, Appellant held him at gunpoint and robbed him.  Based on a description given by the victim of his assailant, a police detective prepared a photographic array that included photographs of Appellant and of other

_____

[*] Retired Senior Judge assigned to the Superior Court.

individuals similar in appearance. *Id.* at 31-32, 36-37, 39-40. Without hesitation, the delivery driver identified Appellant.

At Appellant's hearing on his omnibus pretrial motion before the Honorable Ernest J. DiSantis, Jr., the police detective testified that when he investigated the cell phone number that was used to place the food delivery order with the Chinese restaurant, he learned that the number belonged to Jeffrey Steele,[1] who then reported that someone named "Rob" had stolen his cell phone. N.T., 6/26/13, at 21-23. The detective testified that Mr. Steele gave a general description of "Rob," which matched the description given by the delivery driver of his attacker. *Id.* at 23. According to the detective, Mr. Steele stated that he believed that "Rob" had just been arrested, which led the detective to search recent police reports for an arrestee whose appearance aligned with the delivery driver's and Mr. Steele's overlapping descriptions. *Id.* The detective thereby discovered Appellant, Robert Dixon. *Id.*[2]

Appellant's counsel objected to the detective's testimony about how Mr. Steele described "Rob" to police on the basis that Mr. Steele was not present to testify as to what he told the detective. N.T., 6/26/13, at 23. Although the court noted that Mr. Steele did not have to be present, it still

_____

[1] Mr. Steele did not testify at any point in these criminal proceedings.

[2] None of this information from this hearing was introduced during Appellant's jury trial. *See generally* N.T., 9/17/13.

sustained the objection.  *Id.*  Appellant's counsel then clarified that he was "not objecting to the way the investigation proceeded" but to the "specific facts from that conversation."  *Id.*  After that explanation, the court reversed its ruling and deemed the detective's recollection of Mr. Steele's description of "Rob" to be admissible for purposes of this hearing.  *Id.* However, the court decided that no additional information on this subject was needed, as there was "enough to give us a backdrop."  *Id.*  The court then directed the testimony towards the next step in the detective's investigation.

Ultimately, the court denied the omnibus pretrial motion regarding the identification testimony, and, on September 18, 2013, following trial by a jury before the Honorable William R. Cunningham,[3] Appellant was convicted of robbery, theft by unlawful taking, receiving stolen property, and possession of a weapon.[4]  On November 26, 2013, Appellant was sentenced

_____

[3] On December 21, 2012, Appellant applied for a public defender, and one was assigned.  On February 13, 2013, Appellant filed a *pro se* "Ineffective Assistance of Counsel Motion."  On February 15, 2013, his public defender petitioned to withdraw as counsel of record and to schedule a *pro se* colloquy.  On February 22, 2013, the trial court denied both the public defender's petition to withdraw and the *pro se* "Ineffective Assistance of Counsel Motion," which the trial court "treat[ed] as a motion for appointment of new counsel."  Order, 2/22/13.  On August 6, 2013, Appellant filed a second *pro se* "Ineffective Assistance of Counsel Motion." There is no indication on the docket of any response to this second motion. The same public defender represented Appellant during his trial.

[4] 18 Pa.C.S. §§ 3701(a)(1)(ii), 3921(a), 3925(a), and 907(b), respectively.

to incarceration for a period of 10 years and 9 months to 21 years and 6 months. Because Appellant had previously been convicted of robbery, which is a first-degree felony and a statutorily-defined "crime of violence," this sentence included a mandatory minimum term of incarceration pursuant to the Sentencing Code, 42 Pa.C.S. § 9714(a) ("Sentences for second and subsequent offenses"). *See id.* § 9714(g) (defining "crime of violence" to include robbery); N.T., 11/26/13, at 7-9, 22.[5]

Appellant filed a direct appeal, and this Court affirmed the judgment of sentence on August 22, 2014. *Commonwealth v. Dixon*, No. 88 WDA 2014 (Pa. Super., Aug. 22, 2014) (unpublished memorandum). Appellant's petition for allowance of an appeal by the Supreme Court of Pennsylvania was denied on February 17, 2015. *Commonwealth v. Dixon*, 109 A.3d 678 (Pa. 2015).

Appellant filed this timely *pro se*[6] PCRA petition on September 10, 2015, alleging that his trial counsel "failed to conduct thorough questioning

_____

[5] Appellant had two prior convictions for robbery. However, because Appellant received concurrent sentences on the same day for both earlier robberies, the trial court in the underlying action decided to treat those two previous first-degree robbery convictions as if they were only one prior conviction. N.T., 11/26/13, at 7-9, 21. Thus, when sentenced in the current case, Appellant had only one "strike" against him instead of two.

[6] On September 14, 2015, the PCRA court appointed private counsel to represent Appellant; PCRA counsel was given seven weeks thereafter to file a supplemental PCRA petition. However, before that time period expired, PCRA counsel petitioned for leave to withdraw as counsel on October 27,
*(Footnote Continued Next Page)*

at [the] preliminary [hearing] on how [the Detective] conducted his investigation, or how used [*sic*] the identification from a witness that was not present at any court proceeding." PCRA Pet., 9/10/15, at 4. Appellant also challenged the photographic array, claiming that his photograph was the only one in the array in which the individual had braids, after the victim had already described his assailant to the police as having braids or dreadlocks. ***Id.*** Appellant continued that he intended to assert: "1) ineffective assistance of counsel 2) Confrontation Clause violation 3) hearsay rule violation 4) withholding exculpatory evidence 5) prosecutorial misconduct (erroneous photo array) 6) abusive discretion (allowance of erroneous photo array)." ***Id.*** Finally, Appellant requested "full discovery packets," including a copy of the photographic array, and "preliminary hearing transcripts." ***Id.*** at 7.

On November 10, 2015, the PCRA court filed a "Notice of Intent to Dismiss PCRA Pursuant to Pa. R. Crim. P. 907." In this Rule 907 Notice, the court first addressed Appellant's claim of ineffective assistance of counsel — specifically, Appellant's contention that his trial counsel was ineffective for

*(Footnote Continued)* ─────────────────

2015. No action was taken by the PCRA court on this petition at that time, and it held no hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998) (holding that when a first-time petitioner indicates in his *pro se* PCRA petition that he does not wish to be represented by an attorney, the PCRA court must conduct a hearing to elicit information regarding waiver of counsel under Pa.R.Crim.P. 121 before permitting the petitioner to proceed *pro se*); as discussed below, the court later granted PCRA counsel permission to withdraw after Appellant said he wished to proceed *pro se*.

failing to challenge the photographic lineup that the victim used to identify

Appellant:

> [Appellant's] argument is belied by the record. . . . [O]n May 10, 2013, [trial counsel] filed a Motion to Suppress, challenging the photographic line up presented to the victim for identification purposes. . . . After a hearing during which [trial counsel] thoroughly cross-examined the Commonwealth's witnesses, the Court denied the Motion to Suppress. . . . [Appellant's] claims related to [trial counsel's] effectiveness as counsel are without merit.

Rule 907 Notice, 11/10/15, at 3-4.

The PCRA court stated that "[t]he remaining claims raised by [Appellant] are previously litigated or waived," including that "the Court abused its discretion in failing to suppress the photo lineup used by the victim to identify [Appellant] as the perpetrator of the crimes." Rule 907 Notice, 11/10/15, at 4. The court characterized Appellant's claims of a Confrontation Clause violation, hearsay rule violation, and errors regarding the withholding of exculpatory evidence and prosecutorial misconduct as "bald claims" and rejected them. *Id.* The court added that the PCRA petition "is also the first time [Appellant] raises these claims." *Id.* at 5. The PCRA court concluded that Appellant's "claims are waived and/or meritless." *Id.*

Under Rule 907, "[t]he defendant may respond to the proposed dismissal within 20 days of the date of the notice." Pa.R.Crim.P. 907. Appellant therefore was required to respond to the Rule 907 Notice by November 30, 2015. He gave his "Response to Notice of Intent to Dismiss

PCRA Petition Without Hearing" to prison authorities for mailing on November 23, 2015, but it was not received by the Erie County Clerk of Courts until December 4, 2015. Appellant's Brief, Exs. "E(2)"-"E(3)." In the meantime, on November 30, 2015, twenty days after November 10, 2015, the PCRA court denied Appellant's petition.

On December 30, 2015, Appellant filed the instant *pro se* appeal.[7] On January 25, 2016, PCRA counsel filed a notice of intent to file a brief under *Anders v. California*, 386 U.S. 738 (1967), stating that he "does not deem any of [Appellant's] PCRA claims to be cognizable and colorable in that said claims have been finally litigated on direct appeal."[8] On February 9, 2016, Appellant motioned to proceed *pro se* with this Court.

On February 22, 2016, this Court remanded for purposes of establishing whether Appellant desired to proceed *pro se* on appeal pursuant

_____

[7] This Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel. *Commonwealth v. Williams*, -- A.3d --, 2078 MDA 2015, 2016 PA Super 262, 2016 WL 6900832, *3 (Pa. Super. Nov. 23, 2016). On January 5, 2016, the PCRA court ordered a Statement of Matters Complained of on Appeal to be filed; the order was served on both Appellant and his PCRA counsel. On January 19, 2016, Appellant filed a *pro se* Statement of Matters Complained of on Appeal. However, where an appellant is represented by counsel on appeal, his *pro se* Rule 1925(b) Statement is a "legal nullity." *Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010).

[8] We note that a *Turner/Finley* brief — and not an *Anders* brief — is the appropriate filing in this situation. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citing *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)).

to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). On March 11, 2016, the PCRA court held a colloquy with Appellant on the record in which Appellant expressed his desire to represent himself. On March 16, 2016, the PCRA court entered an order declaring that Appellant had "knowingly, intelligently, and voluntarily waived his right to counsel" and may "proceed on a *pro se* basis." Order, 3/16/16.

On April 4, 2016, in lieu of a Rule 1925 opinion, the PCRA court entered an order stating that "[t]he Notice of Intent which was filed November 10, 2015, addresses the issues raised in Appellant's PCRA Petition. To the extent Appellant raises any new issues in his Statement of Matters Complained of on Appeal, those matters being raised for the first time on appeal are waived." Order, 4/4/16.

Appellant's issues, as stated in his brief, are as follows:

[1.] Whether the filing of the [A]ppellant's [R]esponse to the lower Court's 907 Notice of Intent to Dismiss PCRA Petition was filed in the timely manner consistent with the prison **"mailbox rule."** This rule applies to all petitioners as not to violate one's rights to due process upheld within U.S. Constitutional Amendment 5 and 14.

[2.] Whether [A]ppellant was sentenced illegally by the terms set within **Alleyne v. United States**, [133 S. Ct. 2151 (2013)], as [Appellant] was sentenced to a mandatory minimum though the facts used by the court to impose such mandatory were elements of the crime that were "not" proven beyond a reasonable doubt by a jury as to violate [Appellant's] 6th Amendment rights in conjunction with Due Process of law. Petitioner was sentence[d] **"after"** this said newly recognized right was declared. Also see U.S.C.A. 5, 8, and 14 and Pa. Const. Art. 1 § 10.

- 8 -

[3.] Whether the Trial Court erred in not allowing [Appellant] to cross-examine witness Jeffrey Steele causing a confrontation clause violation as Mr. Steele was an identifying witness [who] was "never" present in the court room in order for [Appellant] to cross-examine.

[4.] Whether trial counsel was ineffective for [(a)] failure to raise the **Alleyne** claim as [Appellant] was sentenced to a mandatory minimum without the necessary elements of the crime being submitted to a jury and proven beyond a reasonable doubt after this said claim was declared and [(b)] counsel's failure to object to or challenge a violation of the confrontation clause as identifying witness Jeffrey Steele was never present in the court for [Appellant] to cross-examine.

[5.] Whether [Appellant] has a right to receive the discovery notes in order to properly perfect and/or formulate [Appellant's] claims on appeal. This is a violation of the Due Process Clause (U.S.C.A. Const. Amend. 5).

Appellant's Brief at 3-4 (emphasis in original).[9]

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*).

### Response to the Rule 907 Notice

The first issue raised by Appellant is whether his Response to the Rule 907 Notice was timely. "[U]nder the 'prisoner mailbox rule' a document is deemed filed when placed in the hands of prison authorities for mailing." **Commonwealth v. Whitehawk**, 146 A.3d 266, 268 n.3 (Pa. Super. 2016).

---

[9] The Commonwealth did not file a brief.

However, the prisoner/appellant bears the burden of proving that he, in fact, delivered the document within the appropriate time period. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). The "cash slip" provided by prison authorities to an incarcerated petitioner, noting both the deduction from his account for mailing to the clerk of courts and the date of the mailing, constitutes sufficient proof of the date of mailing. ***Id.***

Here, Appellant attached to his brief a copy of his prison "cash slip," which shows that a deduction was made from his prison account on November 23, 2015, for the mailing of his *pro se* Response to the Erie County Clerk of Courts.[10] The PCRA court never addressed the timeliness of the Response in any of its filings. ***See*** Order, 4/4/16; Opinion, 1/25/16; Order, 11/30/15. However, because Appellant has provided proof that he placed his Response in the hands of prison authorities for mailing within the

_____

[10] The "cash slips" provided by prison authorities to Appellant each noted a deduction from his account for the cost of postage and the date of that deduction. Appellant's Brief at Ex. "E(2)." Two of the cash slips are labelled "Legal" and are dated "11/23/15" in Appellant's handwriting, but, under the section "Business Office's Space," they have a stamped date of "Nov 30 2015." ***Id.*** at Ex. "E(2)." As these two cash slips are marked as "Legal" and their handwritten dates correspond with the date that Appellant alleges that he mailed his Response, ***see*** Appellant's Brief at 9, we accept the first two cash slips as evidence of the date that Appellant gave his Response to prison authorities for mailing. We note, however, that Appellant's response would be timely even if we used the stamped date of November 30, 2015. Appellant also attached to his brief a letter dated November 22, 2015, and addressed to the Erie County Office of Public Defender, which explains the presence of the second cash slip for postage labelled "Legal" on November 23, 2015. ***Id.*** at Exs. "A," "E(2)."

20-day period in which he had to respond to the PCRA court's 907 Notice, we deem his Response timely.

The trial court dismissed Appellant's petition without awaiting receipt of Appellant's Response, and it therefore did not consider the content of that Response. In doing so, the trial court erred. Normally, in this situation we would remand to the trial court for consideration of the arguments made in Appellant's Response. A thorough review of Appellant's Response reveals, however, that it is mostly nonresponsive to the Rule 907 Notice. Parts of the Response raise claims that were not included in Appellant's petition and that therefore were waived. The remainder fails to present any meritorious arguments in support of Appellant's petition. Therefore, rather than remand, we shall consider and dispose of Appellant's remaining issues.

### Legality of the Mandatory Minimum Sentence

The second issue raised by Appellant is whether the mandatory minimum aspect of his sentence is illegal in light of ***Alleyne v. U.S.***, 133 S. Ct. 2151, 2168 (2013), which held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt.[11]

_____

[11] This claim was raised for the first time in Appellant's Response to the Rule 907 Notice. Therefore, the PCRA court did not address this issue. A legality-of–sentence claim, however, is always subject to review if the PCRA petition

*(Footnote Continued Next Page)*

- 11 -

Appellant received a mandatory minimum sentence because he previously had been convicted of robbery. The courts of the Commonwealth and the United States Supreme Court have taken the position that **Alleyne** does not require that such a prior conviction be proven before a jury in order to support a mandatory minimum sentence. In **Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*), this Court held that "[t]he **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes **that do not pertain to prior convictions** constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard" (emphasis added). **See also Apprendi v. N.J.**, 530 U.S. 466, 490 (2000) ("**Other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" (emphasis added)); **Commonwealth v. Aponte**, 855 A.2d 800, 804 (Pa. 2004). Appellant therefore is not eligible for relief pursuant to **Alleyne**, and his second issue is meritless. **See Watley**, 81 A.3d at 117.

_____

*(Footnote Continued)*

is timely filed. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). This issue therefore may be addressed here.

**Right of Confrontation**

The third issue raised by Appellant is whether his inability to cross-examine Jeffrey Steele violated his right of confrontation under the Sixth Amendment to the United States Constitution. The Confrontation Clause applies to both federal and state prosecutions and provides that, "[i]n all criminal prosecutions, the **accused** shall enjoy the right . . . to be confronted with **the witnesses against him**. . . ." U.S. Const. amend. IV (emphasis added). The PCRA court found this issue to be waived because it had not been raised and preserved in the trial court proceedings. Rule 907 Notice, 11/10/15, at 5. We agree. An issue raised in a PCRA petition will be found waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, [or] on appeal." 42 Pa.C.S. § 9544(b). Here, Appellant did not raise this claim of trial court error at any prior level of review until this collateral appeal. Therefore, this issue is waived.

**Ineffectiveness of Trial Counsel**

The fourth issue raised by Appellant is whether trial counsel was ineffective for (1) failure to raise the **Alleyne** claim, and (2) failure to raise a Confrontation Clause challenge in association with identifying witness Jeffrey Steele.

As noted above, Appellant raised the issue of ineffective assistance of counsel for failure to raise the **Alleyne** claim for the first time in his Response to the court's notice of its intent to dismiss. A petitioner is limited

in terms of the issues that may be raised in responding to a Rule 907 notice. In **Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa. Super. 2014), this Court held that after the PCRA court has issued a Rule 907 notice of dismissal, a petitioner may not raise new assertions of trial counsel ineffectiveness in his response to the notice. Rather, in order to raise additional claims of trial counsel ineffectiveness, the PCRA court must grant the petitioner leave to amend his petition. **See id.** Here, like the defendant in **Rykard**, Appellant neither sought nor was granted leave to amend his petition to include this claim. **See id.** Accordingly, Appellant is not entitled to relief on this first part of his fourth issue.[12] **Id.**

The second part of Appellant's fourth issue also is without merit. Mr. Steele never testified at any proceedings in this case. He was mentioned during the hearing on his omnibus pretrial motion by the investigating police detective who had questioned Mr. Steele as the owner of the stolen cell phone from which the delivery call was made. **See** N.T., 6/26/13, at 23. The PCRA court noted that during this hearing on the omnibus pretrial motion, Appellant's counsel "thoroughly cross-examined the Commonwealth's witnesses." 907 Notice, 11/10/15, at 3. The record

---

[12] Moreover, Appellant's ineffectiveness claim based on **Alleyne** is meritless in light of the fact that Appellant is not eligible for relief pursuant to **Alleyne**. "[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim." **Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015).

supports the PCRA court's observation.  *See* N.T., 6/26/13, 15-21, 24-25, 37-38, 62-66.  Mr. Steele was never called as a witness during Appellant's trial.  *See generally* N.T., 9/17/13.  Nor was he directly or indirectly referenced at Appellant's trial.  *Id.*

Appellant's argument on this point misapprehends the purpose of the Confrontation Clause.  It is well-settled that —

> [t]he Confrontation Clause provides that in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the **witnesses** against him.  At its most basic level, the Sixth Amendment's Confrontation Clause seeks to ensure that the trial is fair and reliable by preserving an accused's right to cross-examine and confront the **witnesses** against him.

*Commonwealth v. Collins*, 888 A.2d 564, 575 (Pa. 2005) (emphasis added) (internal quotation marks and citations omitted).  Because there was no evidence by or regarding Mr. Steele at trial, there was no reason to test its reliability through cross-examination.

## Right to Discovery

The last issue raised by Appellant is whether he has a due process right to "discovery notes" that he seeks in order to further his appeal.  A petitioner's right to PCRA discovery is governed by Pa.R.Crim.P. 902(E)(1): "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances."  Appellant has not set forth any such exceptional circumstances in either his PCRA petition or his brief to this Court.  *See* PCRA Pet., 9/10/15, at 7; Appellant's

Brief at 12-13. Consequently, Appellant has established no right to receive such discovery.[13]

## Conclusion

For all of the foregoing reasons, we find that the PCRA court properly dismissed Appellant's petition. Accordingly, we affirm the PCRA court's order of dismissal.

Order affirmed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/27/2016

_____

[13] In his brief, Appellant adds that he has also not received "trial and sentencing transcripts" and he requests that this Court "grant an Order for Motion for Transcripts." Appellant's Brief at 22-23. Appellant's brief does not list any issue regarding trial and sentencing transcripts in the Statement of Questions Involved, Appellant's Brief at 3, and this issue therefore is waived. Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").